WOODARD, Judge.
This appeal arises out of a claim for property damage under a policy of fire and extended coverage insurance. The issue is coverage.
Deanna McBride (McBride) is the owner of a one-story wood frame house located in Rayne, Louisiana. Security Industrial Fire Insurance Company (Security) issued a fire and extended coverage insurance policy on the premises commencing on August 15, 1982. The policy contained an extended coverage provision providing additional coverage for perils of windstorm, hail, explosion, etc., and was in full force and effect at the time of the occurrence.
On August 15, 1985 Hurricane Danny caused damage to the insured premises. McBride thereafter obtained various estimates of repairs and submitted them along with a claim for loss to Security. On February 4, 1986, Security issued a check to McBride in the amount of $1,396.38 which amount was substantially lower than the various estimates McBride submitted. McBride refused the check and subsequently filed suit.
A trial on the merits was held on February 9, 1987. Evidence was submitted regarding the various estimates of repair. McBride testified during the course of the trial that the premises in question were unoccupied from January 1985 through October 1985.
At the conclusion of the trial, Security moved for a directed verdict based on a 60 day non-occupancy clause in the insurance policy. The trial court denied Security’s motion for directed verdict stating that Se *744 curity failed to plead the “exclusion” as an affirmative defense in its answer. The court then awarded judgment in favor of plaintiff in the amount of $3,500 plus $750 in attorney’s fees. Security suspensively appeals this judgment.
LAW
Security contends that the trial court erred when it held that Security was barred from raising non-occupancy as a defense because it was not pled in their answer. Security argues that when McBride testified regarding the house being unoccupied and no objection was raised, the pleadings became enlarged, effectively amending Security’s answer to include the affirmative defense of non-occupancy. Security cites Monju v. Continental Casualty Co., 487 So.2d 729 (La.App. 5th Cir.1986) as support.
Alternatively, Security argues that the occupancy clause is not contained within the exclusion provision but is found within the main body of the insurance contract, making it a condition precedent to coverage and that under R.S. 22:691, this language is included in the standard fire insurance policy-
We will first address Security’s alternative argument. Entered into evidence was a copy of the policy, which states in pertinent part on page two, under the “standard provisions”, starting at line 28:
“Conditions suspending or restricting insurance. Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring ...
(b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days; ...”
This is a condition that suspends insurance if the insured building is vacant beyond a period of 60 days.
During the course of the trial, McBride was asked on direct examination:
Q Was anyone living in the house at the time?
A No, not at the time.
Having thus opened the door, defense counsel proceeded to walk through it in the following cross-examination which was elicited without objection by plaintiff’s counsel:
Q Prior to that time, who had lived in that house, prior to your daughter living there?
A My mother.
Q And when had she moved out of it?
A Uh, in January of ’85.
Q When did ... Was she the last person to live in it?
A (Witness indicates “Yes”.)
Q No one was it from January of ’85 through—
A Until ...
Q —October of ’86?
A Right.
Q So at the time of this hurricane, no one (1) was living in it?
A No, no one.
Thus, the evidence supports the occupancy clause. In Mintz v. Jefferson Ins. Co. of New York, 537 So.2d 1241 (La.App. 4 Cir.1989), our brethren of the Fourth Circuit held that insureds could not recover for fire damage to a building that was vacant pursuant to a clause in the fire insurance policy that precluded coverage when the building was unoccupied or vacant for a certain period of time.
We pretermit any discussion of other issues as this is dispositive of the case.
We therefore reverse the judgment of the trial court. We find that coverage was precluded based on a condition precedent under the standard provisions of the contract which suspended insurance when the insured premises was vacant for more than 60 days.
Costs of this appeal are assessed to the plaintiff-appellee.
REVERSED.
DOMENGEAUX, C.J., and SAUNDERS, J., dissent and assign reasons.